UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x

UNITED STATES OF AMERICA,

-against-                                      92 CR 1147  (KMW)
                                              92 CR 60    (KMW)


                                                   ORDER
KENNETH MAXWELL

              Defendant.
------------------------------------x

WOOD, U.S.D.J.:

        On November 16, 1992, Kenneth Maxwell ("Defendant") was
convicted of credit card fraud charges, and was sentenced by the
Honorable Thomas P. Griesa to 18 months' imprisonment and a two-
year term of supervised release.  On February 30, 1994, Defendant
was convicted of escape and unlawful impersonation charges, and
was sentenced by the Honorable Morris E. Lasker to 40 months'
imprisonment and a three-year term of supervised release.  On
April 8, 1997, Defendant was resentenced by this Court on the
escape and unlawful impersonation charges to 41 months'
imprisonment and a three-year term of supervised release.

        On December 18, 2000, after being released from custody on
October 30, 1999, Defendant was convicted of wire fraud charges
and was sentenced by the Honorable Lewis A. Kaplan to 135 months'
imprisonment and a three-year term of supervised release.  This
2000 conviction formed the basis for the August 28, 2001 and
September 20, 2001 bench warrants for Defendant's arrest, as the

wire fraud conviction violated the supervised release terms imposed by this Court and by Judge Griesa.

On April 25, 2008, after receiving a request from the defendant to adjudicate the pending bench warrants, Defendant pled guilty to the two violations of supervised release and was sentenced by this Court to 24 months' imprisonment on each violation, to run consecutively with one another and with the 135 month sentence imposed by Judge Kaplan.

On May 14, 2008, the Court denied Defendant's Motion to Arrest Judgment.  On May 30, 2008, Defendant filed a Motion for Reconsideration ("May 30 Motion").  On June 6, 2008, Defendant filed a Motion to Enforce the District Court Judgment and a Motion to Enforce the Plea Agreement ("June 6 Motion").  On July 10, 2008, Defendant filed a request for a subpoena to be served upon United States Probation Officer Rosiani Schuricht ("July 10 Request").  For the reasons stated below, Defendant's motions are DENIED.

I.    Motion for Reconsideration

Having considered Defendant's motion for reconsideration of the Court's May 14, 2008 order, the Court concludes that Defendant re-raises arguments that this Court has already considered - and rejected - in Defendant's motion to arrest judgment.

II.   Motion to Enforce District Court Judgment and Plea Agreement

"A prisoner whose sentence includes a term of supervised

release after imprisonment shall be released by the Bureau of
Prisons to the supervision of a probation officer. . ." 18 U.S.C.
§3624(e).  "The phrase 'on the day the person is released,' in
the second sentence of §3624(e), suggests a strict temporal
interpretation, not some fictitious or constructive earlier
time." United States v. Johnson, 529 U.S. 53, 57 (2000).

    Defendant argues that the 41 month sentence imposed by this
Court on April 8, 1997 was never executed.  Defendant claims that
at the time of his violation, he had not been "released" from
custody as defined in 18 U.S.C. § 3624(e), but instead found
himself at liberty due to an "unauthorized interruption" in his
imprisonment when the Bureau of Prisons miscalculated the
sentences imposed.  See June 6 Motion at 1.  Defendant submits
that because the underlying term of imprisonment must be
completed before supervised release can commence, Defendant could
not have violated his supervised release in 2000 following this
unauthorized release.  Defendant requests that the April 8, 1997
judgment, and the plea agreement which stipulates to a 41 month
term of incarceration, be enforced.

    Defendant is correct that supervised release does not run
while an individual remains in the custody of the Bureau of
Prisons.  However, the Supreme Court in Johnson was clear that
the "ordinary, commonsense meaning" of the word "release" must
apply. 529 U.S. at 57.  In Johnson, two of the defendant's
convictions were declared invalid while he was serving his

-3-

federal sentence.  As a result, the defendant served too much time in custody.  The defendant claimed that his supervised release commenced before his actual release, on the date that he *should* have been released from custody.  The Supreme Court ruled that "[t]o say respondent was released while still imprisoned diminishes the concept the word intends to convey."  Id.  This court agrees, and holds that Defendant's term of supervised release began upon *actual* release from the Bureau of Prisons.

III.  Request for Subpoena Duces Tecum

        The Supreme Court has identified a four-part test to be applied to the issuance of subpoenas in criminal cases, pursuant to Fed. R. Crim. P. 17(c).  "[T]he moving party must show: (1) that the documents are evidentiary and relevant; (2) that they are not otherwise procurable reasonably in advance of trial by exercise of due diligence; (3) that the party cannot properly prepare for trial without such production and inspection in advance of trial and that the failure to obtain such inspection may tend unreasonably to delay the trial; and (4) that the application is made in good faith and is not intended as a general "fishing expedition." United States v. Nixon, 418 U.S. 683, 700 (1974).

        Defendant states in his July 10 Request that while the documents sought "do not affect the questions to be decided by the Court in the Omnibus Motion. . . the records sought in this request for the issuance of a subpoena duces tecum may become

-4-

relevant in other proceedings before the District Court. . ." <u>See</u>
July 10 Request at 2.  Defendant is correct that any statements
made by Defendant to the United States Probation Office,
regarding the execution of the 41 month term of imprisonment
imposed by this Court, are not relevant to the Court's
determination of whether Defendant was legally deemed "released"
from custody at the time in question.  Thus, the documents
requested are not "evidentiary and relevant" to the motion before
this Court.

IV.  Conclusion

For the reasons stated above, Defendant's May 30 Motion,
June 6 Motion and July 10 Request are DENIED.


        SO ORDERED

Dated:    New York, New York
          December 3| , 2008
                                    _____
                                    KIMBA M. WOOD